UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Caroline Veras,<br><br>        Plaintiff,<br><br>vs.<br><br>Wireless PCS Ohio #1, LLC; Wireless PCS Ohio #2, LLC; Wireless PCS Ohio #3, LLC; Wireless PCS Ohio #4, LLC; Wireless PCS Ohio #5, Inc.; Wireless PCS Ohio #6, Inc.; and Tommy Kinaia,<br><br>        Defendants. | No. _____<br><br>**COMPLAINT** |

Plaintiff, Caroline Veras ("Plaintiff"), individually, and by and through the undersigned attorneys, sues the Defendants, Wireless PCS Ohio #1, LLC, Wireless PCS Ohio #2, LLC, Wireless PCS Ohio #3, LLC, Wireless PCS Ohio #4, LLC, Wireless PCS Ohio #5, Inc., Wireless PCS Ohio #6, Inc. and Tommy Kinaia ("Defendant Kinaia") (collectively "Defendants") and alleges as follows:

**PARTIES**

1. At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio.

2. At all material times, Defendant Wireless PCS Ohio #1, LLC was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #1, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

-1-

3. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #1, LLC, as defined by the Fair Labor Standards Act ("FLSA"). At all relevant times, Defendant Wireless PCS Ohio #1, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #1, LLC. In any event, at all relevant times, Defendant Wireless PCS Ohio #1, LLC was an employer as defined by the FLSA and employed Plaintiff.

4. At all material times, Defendant Wireless PCS Ohio #2, LLC was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #2, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

5. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #2, LLC, as defined by the Fair Labor Standards Act ("FLSA"). At all relevant times, Defendant Wireless PCS Ohio #2, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #2, LLC. In any event, at all relevant times, Defendant Wireless PCS Ohio #2, LLC was an employer as defined by the FLSA and employed Plaintiff.

6. At all material times, Defendant Wireless PCS Ohio #3, LLC was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #3, LLC

does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

7. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #3, LLC, as defined by the FLSA. At all relevant times, Defendant Wireless PCS Ohio #3, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #3, LLC. In any event, at all relevant times, Defendant Wireless PCS Ohio #3, LLC was an employer as defined by the FLSA and employed Plaintiff.

8. At all material times, Defendant Wireless PCS Ohio #4, LLC was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #4, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

9. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #4, LLC as defined by the FLSA. At all relevant times, Defendant Wireless PCS Ohio #4, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #4, LLC. In any event, at all relevant times, Defendant Wireless PCS Ohio #4, LLC was an employer as defined by the FLSA and employed Plaintiff.

10. At all material times, Defendant Wireless PCS Ohio #5, Inc. was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #5, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Wayne County, Ohio.

11. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #5, Inc. as defined by the FLSA. At all relevant times, Defendant Wireless PCS Ohio #5, Inc., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #5, Inc. In any event, at all relevant times, Defendant Wireless PCS Ohio #5, Inc. was an employer as defined by the FLSA and employed Plaintiff.

12. At all material times, Defendant Wireless PCS Ohio #6, Inc. was a corporation duly licensed to transact business in the State of Ohio. Defendant Wireless PCS Ohio #6, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

13. At all relevant times, Plaintiff was an employee of Defendant Wireless PCS Ohio #6, Inc. as defined by the FLSA. At all relevant times, Defendant Wireless PCS Ohio #6, Inc., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant

Wireless PCS Ohio #6, Inc. In any event, at all relevant times, Defendant Wireless PCS Ohio #6, Inc. was an employer as defined by the FLSA and employed Plaintiff.

14. At all relevant times, Plaintiff was an employee of Defendant Kinaia as defined by the FLSA. Defendant Kinaia owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS Ohio #3, LLC, Defendant Wireless PCS #4, LLC, Defendant Wireless PCS #5, Inc., and Defendant Wireless PCS #6, Inc. At all relevant times, Defendant Kinaia had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS Ohio #3, LLC, Defendant Wireless PCS Ohio #4, LLC, Defendant Wireless PCS Ohio #5, Inc., and Defendant Wireless PCS Ohio #6, Inc. In any event, at all relevant times, Defendant Kinaia was an employer as Defined by the FLSA and employed Plaintiff.

15. Upon information and belief, Defendants were and continue to be residents of and/or regularly transact business within Cuyahoga County, Ohio.

16. At all relevant times, Plaintiff was an "employee" of Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS Ohio #3, LLC, Defendant Wireless PCS Ohio #4, LLC, Defendant Wireless PCS Ohio #5, Inc., and Defendant Wireless PCS Ohio #6, Inc., and Defendant Kinaia as defined by the FLSA, 29 U.S.C. § 203(e)(1).

17. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS

Ohio #3, LLC, Defendant Wireless PCS Ohio #4, LLC, Defendant Wireless PCS Ohio #5, Inc., and Defendant Wireless PCS Ohio #6, Inc., and Defendant Kinaia.

18. At all relevant times, Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS Ohio #3, LLC, Defendant Wireless PCS Ohio #4, LLC, Defendant Wireless PCS Ohio #5, Inc., and Defendant Wireless PCS Ohio #6, Inc. and Defendant Kinaia were and continue to be employers as defined by the FLSA, 29 U.S.C. § 203(d).

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **BACKGROUND**

23. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their

regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

**NATURE OF THE CLAIM**

24. Defendants own and/or operate Defendant Wireless PCS Ohio #1, LLC, Defendant Wireless PCS Ohio #2, LLC, Defendant Wireless PCS Ohio #3, LLC, Defendant Wireless PCS Ohio #4, LLC, and Defendant Wireless PCS Ohio #6, Inc., which are each enterprises located in Cuyahoga County, Ohio. Defendants own and/or operate Defendant Wireless PCS Ohio #5, Inc., which is an enterprise located in Wayne County, Ohio.

25. Plaintiff was employed by Defendants from approximately September 1, 2014 through approximately December 31, 2017 as a sales and customer service representative. At all times during his employment with Defendants, Plaintiff was not exempt from the FLSA's overtime requirements.

26. From the beginning of Plaintiff's employment with Defendants through approximately January 1, 2017 ("the 1099 period"), Defendants improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

27. From approximately January 1, 2017 through the end of her employment, Defendants changed Plaintiff's classification to employee, despite continuing to perform the same job duties.

28. During each and every workweek during which Defendants employed Plaintiff during the 1099 period, Plaintiff was paid a single hourly rate, regardless of the number of hours that Plaintiff worked for Defendants.

29. For the duration of Plaintiff's employment with Defendants during the 1099 period, Defendants had a consistent policy and practice of requiring Plaintiff to work well in

excess of forty (40) hours per week without paying her one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

30. In a given workweek, and during each and every workweek during which Plaintiff worked for Defendants during the 1099 period, Plaintiff worked in excess of 40 hours without being compensated one and one-half times her regular rate of pay.

31. While employed by Defendants, Plaintiff worked between 50 and 60 hours per week.

32. During the 1099 period, Plaintiff was compensated at a flat hourly rate for all hours worked in a given workweek, regardless of the amount of hours Plaintiff worked in a given workweek, even when Plaintiff worked in excess of 40 hours in a given workweek, and for all hours Plaintiff worked in excess of 40 hours in a given workweek.

33. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

34. Defendants instructed Plaintiff about when, where, and how to perform her work.

35. Defendants controlled Plaintiffs schedule.

36. Defendants prohibited Plaintiff from working for any other wireless company.

37. The following further demonstrate that Plaintiff was an employee.

    a. Defendants had the sole right to hire and fire Plaintiff;

    b. Defendants required Plaintiff to complete an employee application and participate in an interview as a prerequisite to his employment;

    c. Defendants made the decision not to pay overtime;

  d. Defendants supervised Plaintiff and subjected Plaintiff to Defendants' rules;

  e. Plaintiff had no financial investment with Defendants' business;

  f. Plaintiff had no opportunity for profit or loss in the business;

  g. The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

  h. Plaintiff was hired as a permanent employee for an indefinite duration, working for Defendants for more than three years.

38. During the 1099 period, Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

39. As a result of Defendants' failure to pay one and one-half times her regular rate of pay to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

40. Defendants hired Plaintiff on or about September 1, 2014 as a sales and customer service representative.

41. Defendants' employment of Plaintiff concluded on or about December 31, 2017.

42. Plaintiff was a non-exempt employee.

43. Plaintiff did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

44. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

45. During the 1099 period, Defendants failed to properly compensate Plaintiff for any of her overtime hours. During this time, Plaintiff worked approximately fifty (50) to sixty (60) hours per week.

46. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the 1099 period would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE AND/OR REFUSAL TO PAY OVERTIME

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. In a given workweek, and during each and every workweek, during the 1099 period, Plaintiff regularly and consistently worked approximately ten (10) to twenty (20) hours of overtime per week, and Defendants did not pay Plaintiff one and one-half times her regular rate of pay for such time worked.

50. For example, and upon information and belief, during the workweek of June 6, 2016, Plaintiff was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one and one-half times her regular rate of pay for all time she worked in excess of forty (40) hours.

51. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

52. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

53. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

54. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of her regular 40-hour workweek during the 1099 period.

56. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of her regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one and one-half times her regular rate of pay, to be proven

at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

57. **WHEREFORE**, Plaintiff, Caroline Veras, individually, requests that this Court enter Judgment against Defendants, Wireless PCS Ohio #1, LLC, Wireless PCS Ohio #2, LLC, Wireless PCS Ohio #3, LLC, Wireless PCS Ohio #4, LLC, Wireless PCS Ohio #5, Inc., Wireless PCS Ohio #6, Inc., and Tommy Kinaia, in her favor:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate of pay while working at Wireless PCS Ohio #1, LLC, Wireless PCS Ohio #2, LLC, Wireless PCS Ohio #3, LLC, Wireless PCS Ohio #4, LLC, Wireless PCS Ohio #5, Inc., and Wireless PCS Ohio #6, Inc.

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

    f. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th Day of February, 2018.

THE BENDAU LAW FIRM, PLLC

By:   /s/ *Clifford P. Bendau, II*
      Clifford P. Bendau, II (OH# 0089601)
      Christopher J. Bendau
      THE BENDAU LAW FIRM PLLC
      P.O. Box 97066
      Phoenix, Arizona 85060
      Telephone AZ: (480) 382-5176
      Telephone OH: (216) 395-4226
      Facsimile: (602) 956-1409
      Email: cliffordbendau@bendaulaw.com
            chris@bendaulaw.com

By:   /s/ *James L. Simon*
      James L. Simon (OH# 0089483)
      Law Offices of Simon & Simon
      6000 Freedom Square Drive
      Freedom Square II – Suite 165
      Independence, Ohio 44131
      Telephone: (216) 525-8890
      Facsimile: (216) 642-5814
      Email: jameslsimonlaw@yahoo.com

*Counsel for Plaintiff*